UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| MICHAEL WAYNE COUCH, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:23-CV-116-REW |
| | ) | |
| v. | ) | |
| | ) | |
| LINDA SMALLWOOD, et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Michael Couch, confined at the Clay County Detention Center ("CCDC") in Manchester, Kentucky, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. DE 1 (Complaint). The Court granted his motion to proceed *in forma pauperis* by separate Order. *See* DE 6. This matter is before the Court for initial screening, as required by 28 U.S.C. §§ 1915(e)(2), 1915A.

Couch alleges that he recently contacted Redemption Road Recovery ("RRR") – a "non-profit, drug treatment center for men"[1] – about enrolling in treatment plans offered at their facility. *See* DE 1 at 2. According to Couch, RRR later told him that a website called JailTracker.com indicated that he had been charged with sexual assault and other offenses. *See id.* Couch asserts that this is false, that those charges were actually made against Michael *Robert* Couch, and that the same misidentification had caused his wrongful arrest several years ago. *See id.* Couch complains that CCDC Jailer Linda Smallwood has failed to correct the information on CCDC's website.[2] *See id.* at 2–3. According to Couch, his "[First] Amendment rights are being violated

---

[1] *See* https://www.facebook.com/RedemptionRoadKY/ (accessed June 28, 2023).
[2] CCDC's website, with a searchable inmate listing powered by JailTracker, can be found at http://www.claycountydetention.com/ClayCountyDetention_InmateList.html (accessed June 28, 2023).

1

because [he is] being slandered and defamed on a public forum with no ability to speak for [him]self and [he is] being discriminated against because of it." *Id.* at 3. Couch names Jailer Smallwood and Johnathan Sizemore, RRR's Intake Coordinator, as defendants. *Id.* at 1. Invoking the First Amendment as the source of his claims, Couch seeks $10 million in damages "for defamation, slander, and discrimination." *See id.* at 4, 8.

The Court will dismiss the complaint for failure to state a claim. The Court notes at the outset that Couch asserts only a single federal constitutional claim: while he contends that he is being "slandered and defamed," his complaint does not suggest that he wishes to assert such tort claims under state law. Instead, he uses those terms as a foundation for his claim under the First Amendment. *See* DE 1 at 4.[3]

But Couch's allegations fail to state a First Amendment claim against either defendant. First, Couch does not allege that Sizemore, as the intake coordinator for a privately-run treatment facility, acted under color of state law as required to state a claim under the Constitution. *See West v. Atkins*, 108 S. Ct. 2250, 2255 (1988) (alterations adopted) ("To constitute state action, the deprivation must be caused by the exercise of some right or privilege created by the State or by a person for whom the State is responsible, and the party charged with the deprivation must be a person who may fairly be said to be a state actor."). Instead, Couch's complaint describes only Sizemore's conduct as a private citizen, and thus fails to state a constitutional claim against him.

---

The website indicates that Couch has been charged with "Public Intoxication – Controlled Substance (Excluded Alcohol)" and "Assault 3rd Degree – Inmate Assault on Correctional Employee." No other charges are listed.

[3] In any event, the Court would lack subject-matter jurisdiction over such claims, as they arise under state rather than federal law and would be asserted against non-diverse defendants. *See* 28 U.S.C. §§ 1331, 1332. Even if Couch's complaint could be liberally construed to assert the defamation claims independent of and in addition to the constitutional ones, dismissal of the sole federal claim would direct a without-prejudice dismissal of the pendent state claims. 28 U.S.C. § 1367(c)(3); *Kowall v. Benson*, 18 F.4th 542, 549 (6th Cir. 2021), *cert. denied*, 143 S. Ct. 88 (2022).

*Cf. Wolotsky v. Huhn*, 960 F.2d 1331, 1335–36 (6th Cir. 1992); *Veeder v. TRI-CAP*, No. 17-CV-11690, 2020 WL 1867212, at *5 (E.D. Mich. Jan. 30, 2020), *report and recommendation adopted*, 2020 WL 967481 (E.D. Mich. Feb. 28, 2020) ("[C]ourts often find that private non-profit entities providing [treatment] services to parolees and probationers are not state actors.").

Further, Couch's contention that he is being "slandered and defamed" on CCDC's website does not state a claim against Smallwood under the First Amendment. Couch contends in essence that his right to speak freely is being curtailed because he cannot "speak" on CCDC's website to contradict false statements about himself. *See* DE 1 at 2–3. CCDC's website is certainly accessible by the public, but it is not a "public forum." A forum is typically defined as "a public meeting place for open discussion" or as "a medium (such as a newspaper or online service) of open discussion or expression of ideas." *See* "forum." Merriam-Webster.com (2023) (accessed at https://www.merriam-webster.com on June 27, 2023). The Supreme Court has limited First Amendment protections applicable to public fora to those spaces "immemorially held in trust for the use of the public and, time out of mind, been used for purposes of assembly, communication of thoughts between citizens, and discussing public questions." *International Soc. for Krishna Consciousness, Inc. v. Lee*, 112 S. Ct. 2701, 2706 (1992). The Supreme Court has therefore "rejected the view that traditional public forum status extends beyond its historic confines." *United States v. Am. Libr. Ass'n, Inc.*, 123 S. Ct. 2297, 2305 (2003). And, a government entity can only create a public forum "by intentionally opening a nontraditional forum for public discourse." *Cornelius v. NAACP Legal Defense & Ed. Fund, Inc.*, 105 S. Ct. 3439, 3439 (1985). CCDC's website does not fit these criteria. Unlike other online spaces like Facebook, Twitter, or Reddit, CCDC's website merely posts booking information about present inmates; it does not permit site visitors to post messages or engage in conversation on topics of public concern. The intrinsic

limitations upon a visitor's ability to "speak" on the CCDC's website, a function that it was evidently not intended or designed to facilitate, therefore imposes no restriction upon Couch's free speech rights. The real gravamen of Couch's Complaint, that the listing of the charges against him is incorrect, sounds, if anything, in state tort law rather than under the First Amendment.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DISMISSES** DE 1, Plaintiff Michael Couch's Complaint, **with prejudice,** though the Court does not purport to adjudicate state claims over which it would have no jurisdiction; and

2. The Court **DIRECTS** the Clerk to **STRIKE** this matter from the Court's docket.

This the 28th day of June, 2023.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge